MILLS, Acting Chief Judge.
Appellants appeal from an order granting appellee’s application for a peremptory writ of mandamus and ordering appellants to make all records and documents in their possession available to appellee for inspection and copying as provided by the Public Records Act, Chapter 119, Florida Statutes (1975).
Appellants contend that Florida Appellate Rule 5.12(1) which provides that an appeal by a public agency stays the performance of the order appealed, controls over Section 119.11(2), Florida Statutes (1975), which provides there is no automatic stay, and further contend that the Public Records Act retains common law privilege.
Representatives of appellee requested to inspect the public records of appellants’ electrical system subject to the provisions of Chapter 119. Appellants contended they had the right to have their counsel review the records prior to their review by appel-lee. Appellee did not agree and applied for a writ of mandamus.
It was stipulated by counsel for the parties that no factual dispute existed which had bearing upon the relief sought. The trial court held that Chapter 119 was applicable to all records and documents in the *1267 possession of appellants and that no attorney-client privilege existed because the legislature waived this privilege by enactment of Chapter 119. The court granted appel-lee’s application for writ of mandamus and made its order effective 48 hours after entry unless otherwise ordered by an appropriate appellate court.
Chapter 119 provides that public records of this state and its political subdivisions shall be open to the public for examination, inspection and copying. When an action is filed to enforce the provisions of the chapter, the court must set an immediate hearing, giving the case priority over other pending cases. Section 119.11(1). When the court orders an agency to open its records for inspection, the agency must comply within forty-eight hours unless otherwise specifically provided by the court or unless an appellate court issues a stay order within the forty-eight-hour period. Section 119.-11(2). The filing of a notice of appeal shall not operate as an automatic stay. Section 119.11(2). A stay order shall not be issued unless the court determines that there is a substantial probability that opening the records for inspection will result in significant damage. Section 119.11(3).
In Clark v. Walton, 347 So.2d 670 (Fla. 4th DCA 1977), it was held that whether a public agency taking an appeal need obtain a stay order is procedural, therefore Rule 5.12(1) takes precedence over Section 119.-11(2). The statement of the law in Clark is accurate but we do not reach the same conclusion.
It appears to us that Rule 5.12(1) was adopted to protect the public treasury from the payment of an appeal bond premium. We do not have a money judgment here nor would a bond be of any protection to the appellee. Thus, we conclude that the rule is not applicable here.
To grant an automatic stay to a public agency under the circumstances present here would permit the agency to avoid its statutory mandatory duties. Duval County School Board v. Florida Public Employees Relations Commission, 346 So.2d 1087 (Fla. 1st DCA 1977). By the mere taking of an appeal, the agency could delay a person’s right to examine public records until through the sheer lapse of time, the need expired. This would defeat the purpose of the Public Records Act which we cannot permit.
In addition, appellants have not submitted evidence to us that significant damage will result to them by the opening of their records for inspection. In this situation, we have no authority to order a stay.
It is our opinion that Section 119.-07(2)(a), Florida Statutes (1975), which states:
“All public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1).”
clearly waives any common law privilege of confidentiality which includes attorney-client communications. This section exempts only those records expressly provided by general or special law to be confidential. This does not include common law privilege or attorney-client privilege which the legislature had the authority to waive and did waive.
We cannot readily conceive of attorney-client communications which the client may not freely make public or which if made public would violate the attorney’s independent obligations under the Code of Professional Responsibility. Appellants have made no suggestion in this case that the public records in dispute are of such a character.
The other arguments made by appellants are without merit and without relevancy to the central issues raised by this appeal.
Wé affirm the order and the peremptory writ of mandamus appealed.
MELVIN and SMITH, JJ., concur.