MILLS, Judge.
CASE SUMMARY
This is an appeal from an amended final judgment issuing a peremptory writ of mandamus ordering the appellant, Bout-well, as Chief of the Building and Zoning Inspection Division of the City of Jacksonville, to execute a zoning certification to appellee, Nichol’s Alley. We reverse.
FACTS
In August 1975, in Goodbread v. City of Jacksonvill, Circuit Case No. 75-1313-CA, the Circuit Court of Duval County declared Section 708.906(c)(2) of the City of Jacksonville Ordinance Code, which established three alcoholic beverage zones governing the distance limitations from schools and churches for liquor licenses, arbitrarily discriminatory and void.
The City appealed the ruling and in April 1976 the First District Court of Appeal affirmed the ruling in City of Jacksonville v. Goodbread, 331 So.2d 850 (Fla. 1st DCA 1976).
In June 1976, the City petitioned for cer-tiorari to the Florida Supreme Court.
The petition was filed by the City 29 days after its motion for rehearing was denied.
In October 1976, Nichol’s Alley obtained a zoning exception for on-premises consumption of alcoholic beverages at its business premises, thus complying with all conditions precedent to Boutwell’s issuance of a zoning certification.
After obtaining the zoning exception, Nichol’s Alley requested Boutwell, by letter dated 9 November 1976, to execute the zoning certification.
Although Nichol’s Alley repeatedly demanded of Boutwell that he perform this act, Boutwell refused to execute the zoning certification, thus preventing Nichol’s Alley from filing with the Department of Beverage, the zoning certification in order to obtain an alcoholic beverage license.
By letter dated 29 December 1976, Bout-well advised Nichol’s attorney that the zoning certification was denied because on 28 December 1976 the Jacksonville City Council amended the Zoning Code by establishing uniform distances, and Nichol’s business premises did not meet those distance requirements.
The parties stipulated to the above facts.
In its final judgment, the trial court found that Florida Appellate Rule 5.12(1) was applicable to the facts of this case and denied Nichol’s petition for peremptory writ of mandamus. Upon Nichol’s motion for rehearing, the trial court entered an amended final judgment granting Nichol’s petition for peremptory writ of mandamus on the basis of this Court’s decision in Wait v. Florida Power & Light Co., 353 So.2d 1265 (Fla. 1st DCA 1978). The peremptory writ of mandamus was issued.
ISSUE
The issue here is whether Rule 5.12(1) was applicable to the final judgment in the Goodbread case so that the filing of the petition for certiorari by the City in the Supreme Court automatically stayed the judgment.
The parties stipulated in the trial court that this issue was' dispositive of this case and agreed that if Rule 5.12(1) was applicable, the issuance of the writ should be denied.
DECISION
Rule 5.12(1) provides:
“When the state or any of its political subdivisions, or any officer, board, commission or other public body of the state or any of its political subdivisions, in a purely official capacity, takes an appeal or petitions for certiorari, the filing of the notice of appeal or the petition for certiorari as the case may be shall perfect the same and stay the execution or performance of the judgment, decree or order being reviewed and no supersedeas *1248 bond need be given unless expressly required by the court.”
The filing by a public body of a petition for certiorari in the Supreme Court to review a decision of a District Court of Appeal operates to stay the execution or enforcement of the judgment being reviewed pursuant to Rule 5.12(1). Housing Authority of the City of Miami v. Macho, 184 So.2d 916 (Fla. 3d DCA 1966), cert. denied 188 So.2d 822 (Fla.1966).
Rule 5.12(1) was applicable to the petition for certiorari filed by the City, therefore, the execution of the judgment entered in that case was automatically stayed by the filing of the petition.
The trial court misconstrued our decision in the Wait case by basing its amended judgment on one paragraph in the decision. That paragraph was:
“It appears to us that Rule 5.12(1) was adopted to protect the public treasury from the payment of an appeal bond premium. We do not have a money judgment here nor would a bond be of any protection to the appellee. Thus, we conclude that the rule is not applicable here.”
It overlooked the main thrust of the case.
In Wait we were concerned with the Public Records Act, Chapter 119, Florida Statutes (1975). We said:
“Chapter 119 provides that public records of this state and its political subdivisions shall be open to the public for examination, inspection and copying. When an action is filed to enforce the provisions of the chapter, the court must set an immediate hearing, giving the case priority over other pending cases. Section 119.-11(1). When the court orders an agency to open its records for inspection, the agency must comply within forty-eight hours unless otherwise specifically provided by the court or unless an appellate court issues a stay order within the forty-eight-hour period. Section 119.11(2). The filing of a notice of appeal shall not operate as an automatic stay. Section 119.11(2). A stay order shall not be issued unless the court determines that there is a substantial probability that opening the records for inspection will result in significant damage. Section 119.11(3).
“In Clark v. Walton, 347 So.2d 670 (Fla. 4th DCA 1977), it was held that whether a public agency taking an appeal need obtain a stay order is procedural, therefore Rule 5.12(1) takes precedence over Section 119.11(2). The statement of the law in Clark is accurate but we do not reach the same conclusion.
“It appears to us that Rule 5.12(1) was adopted to protect the public treasury from the payment of an appeal bond premium. We do not have a money judgment here nor would a bond be of any protection to the appellee. Thus, we conclude that the rule is not applicable here. “To grant an automatic stay to a public agency under the circumstances present here would permit the agency to avoid its statutory mandatory duties. Duval County School Board v. Florida Public Employees Relations Commission, 346 So.2d 1087 (Fla. 1st DCA 1977). By the mere taking of an appeal, the agency could delay a person’s right to examine public records until through the sheer lapse of time, the need expired. This would defeat the purpose of the Public Records Act which we cannot permit. “In addition, appellants have not submitted evidence to us that significant damage will result to them by the opening of their records for inspection. In this situation, we have no authority to order a stay.”
In Wait, we held Rule 5.12(1) was not applicable to the facts presented to us because this would have defeated the specific purpose of the Public Records Act. This is not the case here.
JUDGMENT
We reverse the amended judgment appealed and set aside the peremptory writ of mandamus issued.
McCORD, C. J., concurs.
BOYER, J., dissents.