347 So.2d 670 (1977)
Robert N. CLARK, As the City Clerk of the City of Sunrise, Appellant,
v.
Dennis J. WALTON, Appellee.
No. 76-2535.
District Court of Appeal of Florida, Fourth District.
June 3, 1977.
*671 H. Mark Purdy, Parkhurst, LaHurd & Purdy, P.A., Fort Lauderdale, for appellant.
Frank E. Hamilton, III, Hamilton, Douglas & Bennett, P.A., Fort Lauderdale, for appellee.
DAUKSCH, Judge.
We have jurisdiction of this Interlocutory Appeal of an Order adjudging Appellant in contempt because it is an Order in an action formerly cognizable in equity and an Order entered after Judgment in a civil action. Article V, Section 4(b)(1), Florida Constitution. Fla.App.Rule 4.2(a).
Appellant is a City Clerk who was ordered by Mandamus to provide a list of the names and addresses of city employees to Appellee who is a business agent of a labor union. That Mandamus Writ is on appeal to this court but not under consideration here.
After appeal of the "Final Judgment granting Peremptory Writ of Mandamus" was filed the Appellee moved to have the Appellant held in contempt of court because he had not complied with the Judgment and failed to obtain a stay order as required by Section 119.11(2), Florida Statutes (1975), which says a notice of appeal shall not operate as an automatic stay.
The Appellant replied to the Motion for Contempt by citing Fla.App.Rule 5.12 which says when an officer (clerk) of a political subdivision of the state (a city) takes an appeal then the notice of appeal stays the execution of the order appealed.
There is a direct conflict between Section 119.11(2), Florida Statutes (1975) and Fla. App.Rule 5.12 so we must first determine if the subject matter of the two is procedural or substantive. If it is procedural then the Rule prevails. Article V, Section 2, Florida Constitution. Section 25.371, Florida Statutes (1975). In re: Clarification of Florida Rules of Prac. & Pro., 281 So.2d 204 (Fla. 1973).
Procedural law is that law which governs and defines the methods by which the substantive law is effected and enforced. In this case the substantive law is the matter disputed  whether or not the City Clerk is required to furnish the names and addresses. The trial court determined that he should so furnish and the Clerk appealed. No stay order was entered and the application of the union man to have the Clerk held in contempt for non-compliance with the Judgment was granted. The obtaining of a stay order to prevent a contempt order or other enforcement of a Judgment is procedural law. See Benyard v. Wainwright, 322 So.2d 473 (Fla. 1975); State v. Garcia, 229 So.2d 236 (Fla. 1969); In re: Clarification of Florida Rules of Prac. & Pro., supra.
Since we have determined the question of whether or not the Clerk need obtain a stay order is procedural than the Rule of the Supreme Court must take precedence over the Statute. Fla.App.Rule 5.12 controls over Section 119.11(2), Florida Statutes (1975) and the attempt by the legislature to have otherwise is violative of Article V, Section 2, Florida Constitution.
The Order of the court below denying a stay of the proceedings and holding the Appellant in contempt is REVERSED.
ALDERMAN and LETTS, JJ., concur.