372 So.2d 420 (1979)
B.W. WAIT, III, As Director of Utilities Commission, City of New Smyrna Beach, Florida, and Utilities Commission, City of New Smyrna Beach, Florida, Petitioners,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Respondent.
No. 52796.
Supreme Court of Florida.
January 25, 1979.
Rehearing Denied June 21, 1979.
*422 John E. Chisholm, New Smyrna Beach, the Law Offices of Spiegel & McDiarmid, Washington, D.C., and Joseph C. Jacobs and J. Lawrence Johnston of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for petitioners.
John E. Mathews, Jr. and Jack W. Shaw, Jr. of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, and Marion R. Shepard, Jacksonville, and Matthew Childs of Steel, Hector & Davis, Miami, for respondent.
Parker D. Thomson and Franklin G. Burt of Paul & Thomson, Roy Wood, Miami, Hal Uhrig, Orlando, Thomas H. Connors, Royall P. Terry, Jr., Miami, for The Miami Herald Pub. Co. and The News-Press Pub. Co., Inc., amicus curiae.
ALDERMAN, Justice.
The City of New Smyrna Beach Utilities Commission and its director seek review of two issues decided by the First District Court of Appeal in Wait v. Florida Power & Light Co., 353 So.2d 1265 (Fla. 1st DCA 1978). The district court, in Wait, held that section 119.11(2), Florida Statutes (1975), which provides that the filing of a notice of appeal by a public agency does not operate as an automatic stay of a lower court's order requiring the agency to open its records for inspection in accordance with the Public Records Act, chapter 119, controls over the conflicting provision of Fla.App. Rule 5.12(1), which provides that the filing of a notice of appeal by a public body automatically stays the order appealed. The district court, in Wait, also held that the common law, litigation-related privileges of attorney-client and work product are not exempted from the Public Records Act.[1]
We accepted jurisdiction of this cause to resolve the conflict between the decision of the First District in the present case and the decision of the Fourth District in Clark v. Walton, 347 So.2d 670 (Fla. 4th DCA 1977), which held that the automatic stay provision of rule 5.12(1) takes precedence over the conflicting language of section 119.11(2). We resolve that conflict by approving the holding of the Fourth District in Clark and quashing the decision of the First District to the extent that it conflicts with Clark. We resolve the remaining issue by sustaining the First District's holding that the Public Records Act exempts only those records that are provided by statutory law to be confidential or which are expressly exempted by general or special law.
New Smyrna and Florida Power & Light are engaged in litigation before the United States Nuclear Regulatory Commission over the construction and operation of Florida Power & Light's nuclear units. Pursuant to the Public Records Act, Florida Power & Light requested to inspect New Smyrna's records concerning the planning, operation, and maintenance of New Smyrna's electrical system. When New Smyrna denied access to these records on the ground that its attorney would have to review the records and perhaps remove some privileged or confidential documents before they would be made available, Florida Power & Light sought a writ of mandamus in the circuit court, alleging a right of access to all of New Smyrna's documents. Holding that the Public Records Act is applicable to all records and documents in New Smyrna's possession, the circuit court granted Florida Power & Light's application for writ of mandamus and made its order effective forty-eight hours after entry unless otherwise *423 ordered by an appropriate appellate court. On appeal, the First District affirmed the circuit court's order.
We will first resolve the conflict between the decisions of the First District in Wait and the Fourth District in Clark. New Smyrna contends that Clark is a correct statement of the law and should be approved because the authority to adopt rules for the practice and procedure in all courts is vested in the Supreme Court under article V, section 2, Florida Constitution. It argues that the granting of a stay, whether upon filing of notice of appeal or upon motion, is a step in the enforcement of a final judgment and is, thus, procedural in nature. In response, Florida Power & Light says that Clark must be rejected because rule 5.12(1) is substantive in nature due to its effect since, if an automatic stay is granted simply upon filing of a notice of appeal, a party can be deprived of its substantive rights granted under chapter 119 until a time when those substantive rights become meaningless due to the lapse of time.
In Benyard v. Wainwright, 322 So.2d 473, 475 (Fla. 1975), we distinguished substantive law from procedural law, stating:
Substantive law prescribes the duties and rights under our system of government. The responsibility to make substantive law is in the legislature within the limits of the state and federal constitutions. Procedural law concerns the means and method to apply and enforce those duties and rights. Procedural rules concerning the judicial branch are the responsibility of this Court, subject to repeal by the legislature in accordance with our constitutional provisions. [Citations omitted.]
The granting of a stay, because it is a step in the enforcement of a final judgment, is concerned with "the means and method to apply and enforce" substantive rights and falls within the definition of procedural law as explained in Benyard. We reject Florida Power & Light's contention that rule 5.12(1) is actually substantive in nature and hold that the filing of a notice of appeal by a public agency from an order requiring the agency to open its records for inspection in accordance with the Public Records Act operates as an automatic stay of the lower court's order.[2]
Turning now to the second issue, we will consider the arguments made by New Smyrna in support of its claimed right to maintain the confidentiality of its records. In enacting the Public Records Act, the legislature stated in section 119.01 that the statute's purpose was to open all state, county, and municipal records for personal inspection by any person. Certain public records were exempted from disclosure by section 119.07(2)(a) and (b), Florida Statutes (1975), which provides:
(2)(a) All public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1).
(b) All public records referred to in ss. 794.03, 198.09, 199.222, 658.10(1), 624.319(3), (4), 624.311(2), and 63.181, are exempt from the provisions of subsection (1).
The current version of section 119.07(2)(b) has added new exemptions while at the same time deleting some of the exemptions found in the 1975 version. However, these changes have no effect on our decision.
New Smyrna first contends that section 119.07(2)(a) should be construed to create two separate and independent exemptions, one exemption being that presently "provided by law to be confidential" and the other being those "prohibited from being inspected by the public, whether by general or special law." It then argues that Florida courts have long recognized the confidential privileges of attorney-client and work product, which, at the time the Public Records Act was enacted, were a part of the common *424 law, and concludes that these common law privileges are exemptions "provided by law." In response, Florida Power & Light points out that this same argument was repudiated by the Fourth District Court of Appeal in State ex rel. Veale v. City of Boca Raton, 353 So.2d 1194 (Fla. 4th DCA 1977).
When section 119.07(2)(a) was first enacted by the legislature, it provided:
(a) All public records which presently are deemed by law to be confidential or which are prohibited from being inspected by the public, whether provided by general or special acts of the legislature, or which may hereafter be so provided, shall be exempt from the provisions of this section.
Chapter 67-125, Section 7, Laws of Florida. (Emphasis supplied). Seizing upon the phrase "deemed by law to be confidential," the Second District Court of Appeal, in Wisher v. News-Press Publishing Co., 310 So.2d 345 (Fla. 2d DCA 1975), rev'd, 345 So.2d 646 (Fla. 1977), held that non-statutory public policy considerations may restrict public access to documents otherwise deemed "public records" within the meaning of chapter 119. In 1975, subsequent to the Wisher decision, the legislature amended section 119.07(2)(a) by substituting the phrase "provided by law."
It is this amendment by the legislature that the Fourth District, in State ex rel. Veale, relied upon to reject the argument that chapter 119 provides an exemption from disclosure for information deemed confidential by judicial decision. Addressing this issue, Judge Schwartz, speaking for the Fourth District, stated:
The statutory amendment which occurred after the Wisher events makes the propriety, indeed, the inevitability, of this result all the more clear. The Second District decision was bottomed on the court's conclusion that an exception was properly "deemed by law," that is, created by the law established by judicial decision-making, to exist. In fact, that phrase does connote opinions and decisions of courts and judges... . It seems obvious therefore that the very purpose of the statutory amendment was specifically to overrule the Second District Wisher conclusion and preclude judicially-created exceptions to the Act in question.
353 So.2d at 1196.
We adopt the rationale of the Fourth District and hold that, in enacting section 119.07(2), Florida Statutes (1975), the legislature intended to exempt those public records made confidential by statutory law and not those documents which are confidential or privileged only as a result of the judicially created privileges of attorney-client and work product. If the common law privileges are to be included as exemptions, it is up to the legislature, and not this Court, to amend the statute.
New Smyrna next argues that, even if the common law privileges are not "provided by law" and therefore were not incorporated in section 119.07(2), Florida Statutes (1975), public policy considerations compel recognition of these litigation-related privileges as exemptions to the act. This argument should be addressed to the legislature. Courts deal with the construction and constitutionality of legislative determinations, not with their wisdom. In this case, we are confined to a determination of the legislature's intent.
Turning from the construction of chapter 119 to its application, New Smyrna argues that, when Florida Power & Light chose to litigate before the United States Nuclear Regulatory Commission, it submitted to the discovery procedures of that forum and waived any rights it might otherwise have had under chapter 119. We find no authority to support the argument that Florida Power & Light, by engaging in litigation before a federal forum, has somehow given up its independent statutory rights to review public records under chapter 119. The fact that Florida Power & Light simultaneously engaged in litigation before a federal agency does not in any way prevent its use of chapter 119 to gain access to public documents. It is the federal agency *425 before whom the litigation is pending and not this Court which will decide whether documents obtained pursuant to chapter 119 can be used in that litigation.
Another argument presented by New Smyrna is that section 119.07(1) should be construed to provide for reciprocal disclosure by Florida Power & Light. In essence, New Smyrna contends we should hold that, if Florida Power & Light is to have access to traditionally privileged documents possessed by New Smyrna, then it should have comparable access to Florida Power & Light's files. New Smyrna cites the language of section 119.07(1), which provides that disclosure be permitted only "under reasonable conditions" and maintains that reciprocal disclosure by Florida Power & Light is not only equitable but is also a reasonable condition for disclosure of sensitive, litigation-related documents. We find no merit in New Smyrna's argument because we do not equate the acquisition of public documents under chapter 119 with the rights of discovery afforded a litigant by judicially-created rules of procedure and because we simply cannot construe the language of section 119.07(1) in the fashion suggested by New Smyrna. That portion of the statute relied upon by New Smyrna provides that examination of public records shall be permitted "at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee." It is clear to us that this statutory phrase refers not to conditions which must be fulfilled before review is permitted but to reasonable regulations that would permit the custodian of the records to protect them from alteration, damage, or destruction and also to ensure that the person reviewing the records is not subjected to physical constraints designed to preclude review.
We have considered the other arguments presented by New Smyrna and find them to be without merit. Accordingly, the decision of the First District is quashed to the extent that it holds that rule 5.12(1) does not control over section 119.11(2), Florida Statutes (1975), and it is approved insofar as it holds that chapter 119, Florida Statutes (1975), the Public Records Act, excludes any judicially created privilege of confidentiality and exempts from public disclosure only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law.
It is so ordered.
BOYD, OVERTON and HATCHETT, JJ., concur.
SUNDBERG, J., dissents in part and concurs in part with an opinion, with which ENGLAND, C.J., and ADKINS, J., concur.
SUNDBERG, Justice, concurring in part and dissenting in part.
I concur in all portions of the majority opinion except that which holds that Florida Appellate Rule 5.12(1) controls over the provisions of section 119.11(2), Florida Statutes (1975). I dissent from that portion of the opinion not because I would characterize the power of the judiciary to grant stays in the enforcement of a judgment as substantive. I agree completely with the proposition that the exercise of judicial discretion as to whether a stay of a judicial act pending appeal should be invoked is a matter of practice and procedure within the purview of those terms as defined in Benyard v. Wainwright, 322 So.2d 473 (Fla. 1975), and In re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1972). However, rule 5.12(1) deals not at all with the exercise of judicial discretion. Where a public body is concerned, it makes the stay automatic. Granted, section (2) of the rule permits the exercise of judicial discretion upon motion of a party and good cause shown. Nevertheless, I deem section (1) of the rule to be nothing more than a policy decision of general application by this Court. Consequently, where the legislature has concluded, as they have in section 119.11(2), that special circumstances outweigh the policy considerations in favor of permitting an automatic stay for governmental entities, I perceive no conflict with the Court rule of general application. There is *426 no unconstitutional intrusion into the realm of that which must be the exclusive prerogative of the judiciary in our system of coordinate branches of government. The statute expressly recognizes the authority of an appellate court to exercise its judicial discretion to enter a stay. It is only the automatic stay which is affected by the statute. This appears to me to be an entirely reasonable response by the legislature to promote the salutary purposes of the Public Records Act. It requires little imagination to perceive that the purposes of the act can be completely frustrated by application of the automatic stay provisions of rule 5.12(1).
Accordingly, I would hold that this matter falls within the "`twilight zone' [where] a statute or rule will be characterized as substantive or procedural according to the nature of the problem for which a characterization must be made"[1] and, therefore, the general policy considerations of rule 5.12(1) should give way to the special policy considerations inherent in section 119.11(2), Florida Statutes (1975).
ENGLAND, C.J., and ADKINS, J., concur.

ON MOTIONS FOR REHEARING
Upon consideration of the motions for rehearing filed in the above cause,
IT IS ORDERED by the Court that said motions be and the same are hereby denied.
ENGLAND, C.J., and BOYD, SUNBERG, HATCHETT AND ALDERMAN, JJ., concur.
OVERTON, J., concurs in part and dissents in part with an opinion, with which ADKINS, J., concurs.
OVERTON, Justice, concurring in part and dissenting in part.
Although I agree with the result reached by the majority opinion on the specific facts of this case, I would grant rehearing for the purpose of revising the opinion to make it clearly applicable only to the unique circumstances of this cause.
The issue of the extent of public access allowable to criminal files and records was not one of the issues presented to the court. The majority opinion uses broad language that, in my view, is unnecessary to a determination of this cause. Although this was not a criminal case, our decision has resulted in confusion regarding public access to criminal justice files and records in this state.
Because the affected parties have had no opportunity to be heard, our opinion should be clarified to avoid confusion in this area of the law.
For the reasons expressed, I would grant rehearing.
ADKINS, J., concurs.
NOTES
[1] Whether or not there is a constitutional right of privacy which limits the Public Records Act is not presented, and we do not consider that issue in the present case.
[2] The present decision is limited to the relationship between section 119.11(2) and the "Florida Appellate Rules, 1962 Revision."
[1] In re Florida Rules of Criminal Procedure, 272 So.2d at 66.