## WHITE, et al v. CITY OF CORAL SPRINGS, et al.
### No. 79-6671.
Circuit Court, Broward County.
September 28, 1979.

Maurice Graham, Deerfield Beach, for the plaintiffs.
Paul J. McDonough, Coral Springs, for the defendants.

ARTHUR J. FRANZA, Circuit Judge.

*Final order:* This cause has been presented to this court upon a complaint styled —

> *Petition for declaratory judgment to declare whether Florida Statute 39.12(4) forbids the giving of confidential information by a law enforcement department, and whether 39.12(4) waylaid by the provisions of 39.12(7); and declaratory judgment to decide whether a policy adopted by the City of Coral Springs to divulge the names of parents of juveniles accused of crimes is contrary to Florida Statute 39.12 and/ or is a valid exercise of municipal power.*

asking for a declaration as to the validity of the defendants' policy to reveal the names of parents of juveniles when said juveniles have been charged with an offense which constitutes a felony if an adult or a third misdemeanor offense in one year.

The facts of the instant case are not in dispute. Both sides have agreed that there is no genuine issue of material fact to preclude a judgment by this court based on law.

Accordingly, this court finds there is no genuine issue of material fact and it will rule pursuant to the parties' motions for summary judgment.

The parties seek a declaratory judgment to determine whether the Coral Springs policy of releasing names of parents is in direct violation of F.S. 39.12(4) when taken into consideration with Sections 39.12(7), 741.24, 119.01 and 119.07(2)(a).

*F.S. 39.12(4) states*

(4) All information obtained pursuant to this chapter in the discharge of official duty by any judge, any employee of the court, any authorized agent of the department, the department of offender rehabilitation, or any law enforcement agent shall be confidential and shall not be disclosed to anyone other than the authorized personnel of the court, the department and its designees, the department of offender rehabilitation services, and others entitled under this chapter to receive that information, except upon order of the court.

*F.S. 39.12(7) states*

(7) The provisions of this chapter shall not be construed to prohibit the publication of the name and address of a child who is alleged to have committed a violation of law.

*F.S. 741.24 states*

Civil action against parents; willful destruction or theft of property by minor

(1)   Any municipal corporation, county, school district and department of Florida; any person, partnership, corporation or association, or any religious organization, whether incorporated or unincorporated, shall be entitled to recover damages in an appropriate action at law in an amount not to exceed $2,500 in a court of competent jurisdiction from the parents of any minor under age of 18 years, living with the parents, who shall maliciously or willfully destroy or steal property, real, personal or mixed, belonging to such municipal corporation, county, school district or department of the state, person, partnership, corporation or association or religious organization.

(2)   The recovery shall be limited to the actual damages in an amount not to exceed $2,500 in addition to taxable court costs.

*F.S. 119.01 states*

General state policy on public records.

It is the policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person.

*F.S. 119.07(2)(a) states*

All public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1).

The purpose and public policy of the state of Florida with respect to juveniles whether we agree with it or not, whether right or wrong, is now the law and we must obey it and it is expressed infra.

§39.001 Short title, purpose and intent.

(1)   This chapter shall be known and may be cited as the "Florida Juvenile Justice Act."

(2)   The purposes of this chapter are:

(a)   To protect society more effectively by substituting for retributive punishment, whenever possible, methods of offender rehabilitation and rehabilitative restitution, recognizing that the application of sanctions which are consistent with the seriousness of the offense is appropriate in all cases.

(d)   To provide procedures by which the provisions of the law are executed and enforced as will assure the parties fair hearings at which their rights as citizens are recognized and protected.

(e)   To assure that the prosecution and disposition of a child charged and found to have committed a violation of Florida law be

exercised with appropriate discretion and in keeping with the seriousness of the offense and that all findings made under this chapter be based upon facts presented at a hearing that meets the constitutional standard of fundamental fairness.

(3) It is the intent of the legislature that this chapter be liberally interpreted and construed in conformity with its declared purposes.

The obvious intent is rehabilitation, confidentiality and privilege.

Apparently, " all information" as used in F.S. 39.12(4) is all inclusive. "All" is defined by Webster is "the whole of, . . . entire . . . complete." Therefore "all information" obtained without any need of sophistry of interpretation but in the construction of simple English means just that. All — the offense, the history, the address, the parents, etc. The city cannot for its purposes say all information, except the names of the parents.

But remember this information which is proscribed and confidential limits only those persons or entities specifically mentioned in 39.12(4) from disclosing information except to those authorized by statute.

Those prohibited are —

> judges
> employees of the court
> authorized agent of the department of health and
>     rehabilitative services
> department of offender rehabilitation
> department of corrections
> and any law enforcement agency

Those entitled to receive that information are —

> authorized personnel of court
> the department of health and rehabilitative services
>     and its designees
> the department of offender rehabilitation
> law enforcement and others entitled under that chapter to receive that information
> *except upon order of the court*
> (emphasis supplied)

Obviously the city's policy falls within this prohibition of that statute.

F.S. 39.12(7) which allows the press to publish the name of a child who is alleged to have comitted a violation of the law does not cloud section (4) or give succor to the city's argument.

The right of the press under (7) is its right under the First Amendment and the prior restraint principle espoused by the United States Supreme Court. It does not give the press the right to obtain the names of children from those persons prohibited from disclosing same or in conspiring to that end. All (7) does is give them the right to publish and does not negate or diminish the efficacy or portent of F.S.39.12(4).

F.S 741.24 establishes the right of persons or entities to recover damages limited to $2,500 from parents of minors who live with them who wilfully destroy or steal property. That right again emanating from the First Amendment redress of grievances and Florida Constitution Art. 1, §21 — right of access to the courts, which shall be open to all.

The city again contends that if you can't obtain the name of the parent how can you enforce that right. The answer is simple.

F.S. 39.12(4) says as italicized, supra — "except upon order of the court." Anyone can apply to the court for information to further a legitimate purpose under a corresponding statute to be read in para materia with Chapter 39 to arrive at a sensible and reasonable conclusion.

F.S. 39.12(4) is not derogative of F.S. 741.24. In fact they complement each other and really give effect to the public policy of the state of Florida

F.S. 119.01, the Public Records Act, again does not detract from 39.12. F.S. 119.01 states according to the Supreme Court of Florida in *B. W. Wait, III vs. Florida Power & Light Company*, 372 So.2d 420 (Fla. 1979) —

> "that the statute's purpose was to open all state, county and municipal records for personal inspection by any person. Certain public records were exempted from disclosure by section 119.07(2)(a) which provides —
>
> ' (2)(a) All public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public whether by general or special laws shall be exempt from the provisions of subsection 119.01.' "

The legislature felt the Supreme Court's interpretation was too broad in opening "all records" so they excluded by legislation in its last session *all* active criminal investigations from public scrutiny. That's as it should be. The people through its legislature should have the last say.

The Public Records Act then cannot give the city the remedy it cherishes to deter what it considers to be an abomination. Government cannot act unlawfully itself to maintain law and order in others. Another remedy must be found.

I respectfully suggest a meeting with our Broward County legislative delegation to set criteria as to why a juvenile charged with a serious crime should not be charged as an adult rather than why he should be as it now is. I would turn the coin around.

I can sympathize with the city in its effort to do something.

This is no little hidden problem with a slap on the wrist as the solution. We ought to make contact with our progeny. One on one, if possible. To those that deserve it, counselling, rehabilitation — to those that do not, a stiff paddle, incarceration, ostracism.

To take the attitude of lock them all up is not the answer. That's too arbitrary.

For example, to another subject; we need oil, we pay too much for it. Our country is becoming bankrupt. Some say let's go to the OPEC countries and take it. Give Russia half and avert a holocaust. But, as a nation we won't do that now. It's against the law, and our morality. Further, using dollars in buying up world gold the OPEC countries are accelerating our inflation and devaluing the dollar still more. The solution; give them all the gold; but take their sheep. See how they can shish-ke-bab the gold. In a few weeks they will give us all the gold and all the oil.

These are flip answers to serious problems as "lock them all up" are to our juvenile problem.

I share the city's frustration. Something must be done, first with drugs and second with our children.

A juvenile who turns over a trash can on Halloween is a happy kid. A person who breaks and enters, uses a deadly weapon is not a juvenile no matter the chronological age. A teenager knows the difference between that kind of right or wrong. He ought not with impunity endanger the property and personal safety of a society which nurtures him.

They can't chant "sanctuary, sanctuary" in the juvenile halls with big bright eyes while blood drips from their fingers and holding a pillow case full of contraband.

We can't jail them all, we can't free them all, we have to cull them, take the good from the bad. The first solution is too neanderthal — the second too sophomoric. Our children are our future. We better invest in them. They are our America. No matter what

we do, let's do it and set the next generation on some course of self-control other than our and their present frenzied chase of hedonism.

We can't mix the aberrant, the adamant, the anti-social and the psycopath with the one-time errant. The mix is too dangerous for them and us.

The legislature had better find out the difference between juveniles and criminals and advise the parole board that there is a difference. Some "children" are smarter in breaking the law and giving society the proverbial finger than society is in defining a juvenile let alone a criminal who is a juvenile.

Thank God the vast majority of our children are what we hope them to be. We are not in doomsday. The bad kinds have not taken over.

The thousands upon thousands of good children are here, in front of us, in our homes, our schools, our hearts, our lives. So even though we may have to work with or even forget some, the rest make up for it a million fold.

We cannot allow the policy of the city to continue especially when that policy is to release the names of parents whose children are charged or arrested as against being convicted.

If a child is not living at home or placed in a foster home why should the parent be punished. Certainly some parents need to look to their children and guide and advise them to some degree but this policy is an effort to do just that is in violation of Fla. Statute 39.12(4) and therefore untenable.

If a parent is contributing to the delinquency of a juvenile to the extent that the juvenile is arrested, then the parent should be charged directly which inevitably would result in a lawful authorized release of their names.

Accordingly, the policy of the city of Coral Springs and as to the remainder of the named defendants is hereby declared unlawful.

It is therefore ordered and adjudged that the defendant city and the remainder of the named defendants purporting to act under this authority of the adopted policy are hereby instructed that same is unlawful and in violation of Florida Statute 39.12(4).

The policy of the city is contrary to public policy of the state of Florida and is hereby declared void.

The court retains jurisdiction for any and all purposes consistent with this opinion.