Reese Marshall Chairman, Commission on Human Relations Tallahassee
QUESTIONS:
1. Would complaints filed with the Commission on Human Relations which are referred to a local governmental agency for investigation and action, pursuant to s. 23.167(11)(a), F. S., be subject to the confidentiality requirement of s. 23.167(14) and, therefore, be exempt from the disclosure provisions of s. 119.07, F. S.?
2. Would complaints filed with the commission and a local governmental agency and subsequently referred by the commission to the local governmental agency for investigation and action pursuant to s. 23.167(11)(a), F. S., be subject to the confidentiality requirement of s. 23.167(14) and, therefore, be exempt from the disclosure provisions of s. 119.07, F. S.?
SUMMARY:
A complaint which alleges unlawful employment practices filed with the Commission on Human Relations pursuant to part IX of ch. 23, F. S., must be kept confidential by the commission and not be disclosed by the commission to any person, except to the parties or in those events expressly specified in s. 23.167(14). However, such complaint in the custody of a local governmental agency filed directly with the local governmental agency or referred by the Commission on Human Relations to such local governmental agency pursuant to s. 23.167(11) is not exempted from the public inspection requirements of the Public Records Law, ch. 119, F. S., by s. 23.167(14); only those complaints or records in the custody of the local governmental agency which are expressly provided by statute to be confidential, expressly exempted, or prohibited from being inspected by the public are exempt from the public inspection requirements of ch. 119.
As your questions are interrelated, they will be answered together. Chapter 69-287, Laws of Florida, presently codified as part IX of ch. 23, F. S., created the Florida Commission on Human Relations to investigate unlawful employment practices in the state. Section 23.167(10) permits a person who has been aggrieved by an unlawful employment practice to file a complaint with the commission. Paragraph (a) of s. 23.167(11) provides:
 In the event that any other agency of the state or of any other unit of government of the state has jurisdiction of the subject matter of any complaint filed with the commission and has legal authority to investigate or act upon the complaint, the commission may refer such complaint to such agency. Referral of such a complaint by the commission shall not constitute agency action within the meaning of s. 120.52(2). In the event of any referral under this subsection, the commission shall accord substantial weight to final findings and orders of any such agency. (Emphasis supplied.)
This paragraph allows the Commission on Human Relations to refer a complaint to a local governmental agency which has the legal authority to investigate or act upon the complaint. The commission must accord substantial weight to the final findings and orders of any agency to which the commission has referred the complaint pursuant to s. 23.167(11)(a).
Section 23.167(14), F. S., provides:
 All complaints filed with the commission under this part, and all records and documents in the custody of the commission, which relate to and identify a particular complainant, employer, employment agency, labor organization, or joint labor-management committee shall be confidential and shall not be disclosed by the commission, except to the parties or in the course of a hearing or proceeding under this part. The restriction of this subsection shall not apply to any record or document which is part of the record of any hearing or court proceeding. (Emphasis supplied.)
This subsection makes all complaints received by and all records and documents which relate to and identify a particular complainant, employer, employment agency, labor organization, or joint labor-management committee in the custody of the commission confidential and not disclosable by the commission. See AGO 080-38 which concluded, among other things, that any such complaint, record, or document in the custody of the commission was not subject to inspection pursuant to the Florida Public Records Law, ch. 119, F. S. However, whether a complaint filed with or referred to a local governmental agency which has the authority to investigate or act upon such complaint in the custody and jurisdiction of the local governmental agency is exempt from the inspection requirements of ch. 119, F. S., requires an examination and analysis of the Public Records Law and any exemptions thereto.
Florida's Public Records Law, ch. 119, F. S., requires that all public records made or received pursuant to law or ordinance or in connection with the transaction of official business by any publicagency or any other public or private agency or person or entity acting on behalf of any public agency must be open for personal inspection by any person. See ss. 119.011(1) and (2) and119.07(1). `Public records' are defined by s. 119.011(1) to mean:
 all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. (Emphasis supplied.)
`Agency' means `any state, county, district, authority, or municipal officer, department, division, board, bureau, commission' or other separate unit of government established by law and any other public or private agency, person, or entity acting on behalf of any public agency. Section 119.011(2). Thus, a complaint alleging an unlawful employment practice filed with, or referred to, a local governmental agency having jurisdiction over the subject matter of the complaint to investigate or take action would be a public record in the custody of the local governmental agency or other agency, person, or entity acting on its behalf under these statutory definitions.
Section 119.07(1)(a), F. S., clearly mandates that `[e]very person who has custody of public records shall permit the records to be inspected and examined by any person desiring to do so, at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee.' Section 119.07(3)(a) provides an exemption from the inspection requirements of that section for `[a]ll public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law.' Paragraphs (b) through (k) of s. 119.07(3) provide further specific exemptions from the inspection requirements of the Public Records Law. None of these exemptions are applicable to an unlawful employment practice complaint filed with or referred to a local governmental agency, nor have any other exemptions been brought to my attention which are applicable to such complaints in the custody of a local governmental agency. In order for a public record to be exempt from the inspection requirements of ch. 119, F. S., there must be some specifically provided exemption; the record in question must be made confidential; or its inspection must be prohibited by some provision of general or special law. In Wait v. Florida Power 
Light Co., 372 So.2d 420, 425 (Fla. 1979), the Florida Supreme Court further determined that the language now contained in s.119.07(3)(a) and (b) `excludes any judicially created privilege of confidentiality and exempts from public disclosure only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law.'
In the absence of a statutory exemption or provision making these complaints confidential or prohibiting their inspection by the public while in the custody of a local governmental agency, such complaints would be subject to the inspection requirements of s.119.07, F. S. However, it must be cautioned that, regardless of the referral of unlawful employment practice complaints to other governmental agencies, the Commission on Human Relations has a continuing statutory duty to keep confidential and not disclose the contents of such complaints to any person, except to the parties or in those events expressly specified in s. 23.167(14), F. S. If a complaint in the custody of the local governmental agency in question is not made confidential, prohibited from public inspection, or expressly exempted from the Public Records Law, this analysis might result in the anomalous situation of a complaint alleging unlawful employment practice, filed both with the commission and a local governmental agency or referred to a local governmental agency, being subject to public inspection while in the custody of the local governmental agency but remaining confidential and nondisclosable by the commission. This, however, is a matter most appropriately addressed to the Legislature for its review and disposition by appropriate legislative action.
Prepared by: Craig Willis, Assistant Attorney General