Mr. Michael N. Kavouklis County Attorney Hillsborough County Post Office Box 1110 Tampa, Florida 33601
Dear Mr. Kavouklis:
This is in response to your request for an opinion on substantially the following question:
 DOES THE PUBLIC HAVE THE RIGHT TO INSPECT AND COPY SEALED BID PROPOSALS RECEIVED BY THE COUNTY PRIOR TO THE BID OPENING TIME?
You state that Hillsborough County utilizes a competitive sealed bidding or proposal system in acquiring goods and services from the private sector. Under this system, the public, including an interested bidder or proposer, is not permitted to inspect or otherwise examine the bids or proposals or to make copies thereof "until such time as the county sets for going public with said documents." Until then the bid or proposal "remains in the exclusive custody and control of the county in its sealed or nonpublic condition." For sealed bids, the time set by the county for allowing the public to inspect such bids is the "bid opening time." According to your letter, however, sealed proposals are not made available to the public until after private negotiations between the staff of the county and each proposer have occurred and the proposer has had the opportunity to amend his proposal and submit a final (and revised) proposal. Under this system, referred to as the Request for Proposals or RFP method, the final proposals are presented by staff of the county to the Board of County Commissioners at an open meeting together with the staff's recommendations; the county commission then awards the contract to one proposer based upon a subjective evaluation of set criteria. A question has apparently been raised as to whether the county may refuse the public access to these bids and proposals until such time as the county sets for "going public" with said documents.
Chapter 119, Florida's Public Records Law, requires that all public records made or received pursuant to law or ordinance or in connection with the transaction of official business by any public agency or any public or private agency acting on behalf of a public agency must at all times be open for personal inspection by any person. See, s 119.01 and s 119.07(1), F.S., stating that "[e]very person who has custody of public records shall permit the records to be inspected and examined by any person desiring to do so, at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee. . . ." Public records are expressly defined in s 119.011(1), F.S., to mean "all documents, papers, letters, maps, books, tapes, photographs, films, sound recording or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." See also, Shevin v. Byron, Harless, Schaffer, Reid and Assoc., Inc., 379 So.2d 633, 640 (Fla. 1980), wherein the Florida Supreme Court construed the foregoing definition to include "any material prepared in connection with official agency business which is intended to perpetuate, communicate or formalize knowledge of some type." The bids or proposals prepared in response to the county's request for bids or proposals appear to satisfy the foregoing definition of public records. These documents, even if unopened, which are in the custody and control of the county appear to have been "received" by the county in connection with the transaction of its official business. See generally, Black's Law Dictionary, Receive p. 1433 (4th Rev. ed. 1968) (to take into possession and control; accept custody of); 75 C.J.S. Receive p. 642 (ordinary and usual meaning of term is that something has been taken into possession).
Only those records which are provided by law to be confidential or which are prohibited from being inspected by the public by general or special law are exempt from the inspection and examination requirements of s 119.07(1). See, s 119.07(3)(a), F.S. And see, Wait v. Florida Power Light Co., 372 So.2d 420, 422 (Fla. 1979), in which the Florida Supreme Court held that only the Legislature has the authority to create an exemption from the public records law, stating that "only those records that are provided by statutory law to be confidential or which are expressly exempted by general or special law" are exempt from the disclosure provisions of Ch. 119. Cf., AGO 75-50 in which this office stated that Ch. 119, when read in conjunction with Ch. 267, constitutes a state preemption of the field of public records and thus is not a proper or valid subject of attempted local regulation or legislation; Florida Open Government Laws Manual, pp. 48-49 (1984 ed.). Therefore, unless there is a specific statutory exemption or a statute making the material confidential, a public agency must permit access to the records in question until such time as the state Legislature deems it proper to create an exception to the public records law for such material. See, s 119.02, F.S., providing that any public official violating the provisions of s119.07(1) shall be subject to suspension and removal or impeachment and shall be guilty of a misdemeanor of the second degree. Cf., s 119.10, F.S.
As you note in your letter, counties with a few exceptions (see e.g., ss 287.055 [providing for a competitive selection and competitive negotiation plan], 153.10, 157.03 and cf., 839.091, F.S.) are not required by state law to take competitive bids when obtaining required goods and services. Cf., AGO 71-366 (counties may provide by ordinance procedures to be used for purchasing materials, equipment and supplies or may deal with each contract or purchase on an individual basis, with or without competitive bidding, as may best serve the public interest). Therefore, in most instances there is no state statute providing for or requiring a competitive bid system for counties and similarly no provision which makes such bids when received by a county under its own bidding system confidential or which prohibits the inspection of such documents and papers "until such time as the county sets for going public with said documents."
In the absence of such a statutory provision, I cannot state that such bids or proposals received by a county would be exempt from the disclosure provisions of Ch. 119 until such time as the county deems it appropriate to release such documents. However, in light of the momentous nature of this issue and its potential impact on the competitive bidding systems which may have been adopted by local governments, I would recommend that you submit this question to the courts for resolution by declaratory judgment. As stated in this office's Statement of Policy Concerning Attorney General Opinions, 1982 Annual Report of the Attorney General, pp. viii-ix, "[p]articularly difficult and momentous questions of law should be submitted to the courts for resolution by declaratory judgment. This course of action will be recommended when deemed to be appropriate." Such a course of action is, in my opinion, appropriate in the instant inquiry.
Accordingly, I would recommend that the question as to whether the bids and proposals received by a county under a competitive bidding system adopted by ordinance are subject to disclosure pursuant to the Public Records Law, Ch. 119, F.S., prior to the bid opening time should be submitted to the courts for resolution by declaratory judgment.
Sincerely,
Jim Smith Attorney General
Prepared by:
Joslyn Wilson Assistant Attorney General