SCHEB, Judge.
This appeal involves a question concerning access to certain documents under Florida’s Public Records Act, Chapter 119, Florida Statutes (1983).
Appellant News-Press Publishing Company petitioned the trial court for a writ of mandamus, seeking access to reports and related documents compiled by appellee as a result of an internal investigation. The only issue in the case is whether the documents constituted “active criminal investigative information” pursuant to section 119.07(3)(d). If so, then they are exempt from public disclosure. The trial court held that they were exempt and denied the writ. This appeal ensued.[1]
The News-Press sought documents compiled by the Sheriff of Charlotte County. The documents consisted of the sheriff’s completed internal investigation of a shooting by Charlotte County Deputy Sheriffs, which occurred in November 1983 in Highlands County during an undercover drug transaction. Initially, in December 1983, the sheriff refused to permit inspection of these documents, because the Highlands County Grand Jury was scheduled to con *1336 sider the incident early in 1984. In January 1984 he again refused to permit inspection because, before News-Press’ second request, he had been served with a subpoena by the State Attorney for Highlands County. The subpoena required production of the subject documents before the Highlands County Grand Jury. Thereafter, News-Press filed its petition for a writ of mandamus. The trial court heard the cause four days before the grand jury was scheduled to convene.
At the hearing, the parties stipulated to the facts above. No testimony was taken and no request for any “in camera” inspection of the documents was made. See § 119.07(2)(b). At the conclusion of the arguments of counsel, the judge observed:
In this instance, we have a Grand Jury in a sister county which obviously has not just started an investigation. We have got a State Attorney’s Office that obviously has now started an investigation in that it’s being presented to the Grand Jury at a given time, which is 4 days from today.
The Court does find that the information requested is criminal investigative information which is active in that it is related to an on-going investigation which is continuing in reasonable good faith anticipating the securing of an arrest or prosecution in the foreseeable future or returning a no bill.
Therefore, the Court is going to deny the petition for Writ of Mandamus. So be it.
Specifically, the trial court’s final order concluded:
1. In order for documents to be exempt from the Public Records Law, such documents must be expressly exempted by general or special law. Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979).
2. When considering the exemptions to the Public Records Law, courts are bound by these legislative determinations, and must not question the wisdom of such legislation. Wait, supra, at 424.
3. [Appellee], by refusing to permit inspection because of the subpoena, was obviously not engaged in an inter-agency “shell game” in order to avoid compliance with the Public Records Law. Cf, Tribune Co. v. Cannella, 438 So.2d 516 (Fla. 2d DCA 1983).
4. The subject documents are public records, pursuant to Section 112.533(2)(a) Fla.Stats. (1983)_ See, Section 112.-533(2)(b), Fla.Stats. (1983).
5. Section 119.07(3)(d), Fla.Stats., exempts from public inspection “active criminal investigative information,” as such terms are defined in such Act.
6. By reason of the ongoing investigation of the underlying incident by the Highlands County State Attorney and the convening of the Highlands County Grand Jury in the very near future to consider such incident, the subject documents constitute “active criminal investigative information,” and are therefore exempt from inspection under Section 119.07(l)(a) Fla.Stats.
Based on the stipulated facts, we cannot say that the trial court erred either in its judgment or conclusions of law.
Affirmed.
RYDER, C.J., and OTT, J., concur.

. The parties agree on appeal that the issue in this case is now moot. However, we have considered this case on the merits, because issues over access to public records are susceptible to repetitive occurrence.