Mr. Randy Miller Executive Director Department of Revenue Carlton Building Tallahassee, Florida 32301
Dear Mr. Miller:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 ARE TANGIBLE PERSONAL PROPERTY ASSESSMENT ROLLS CONTAINED ON MAGNETIC COMPUTER TAPES SUBJECT TO PUBLIC INSPECTION AND COPYING PURSUANT TO THE PUBLIC RECORDS LAW?
Section 193.052(1)(a), F.S., requires a taxpayer to file a tangible personal property return and subsection (4) thereof states that all returns shall be completed by the taxpayer to correctly reflect the owner's estimate of the value of property owned or otherwise taxable to him or her and covered by the return. Pursuant to s. 193.074, F.S., as amended by s. 2, Ch. 86-300, Laws of Florida:
 All returns of property and returns required by s. 201.022 submitted by the taxpayer pursuant to law shall be deemed to be confidential in the hands of the property appraiser, the clerk of the circuit court, the department, the tax collector, and the Auditor General, except upon court order or order of an administrative body having quasi-judicial powers in ad valorem tax matters. (e.s.)
Cf., s. 193.114(3), F.S., stating that forms for the preparation of the tangible personal property roll shall reflect, inter alia, a code reference to the tax returns showing the property.
Each property appraiser is required by s. 193.114(1)(b), F.S., to prepare a tangible personal property assessment roll, including taxable household goods and all other taxable tangible personal property. And see, s. 193.114(3), F.S., requiring the Department of Revenue to promulgate regulations and forms for the preparation of the tangible personal property roll. Assessment rolls shall be submitted to the Executive Director of the Department of Revenue for review to determine if the rolls meet the appropriate requirements of law relating to form and just value. Section193.1142(1), F.S. It is the policy of this state that all state, county, and municipal records shall be open for personal inspection by any person. Section 119.01(1), F.S. The phrase "[p]ublic records" is defined in s. 119.011(1), F.S., to include "all documents, papers, letters, maps, books, tapes, . . . or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." (e.s.)
It is clear, based on the foregoing statutory references, that tangible personal property assessment tax rolls are "made or received pursuant to law" by an agency (see, s. 119.011[2], F.S., defining "[a]gency" to include any state or county department, division, board or other separate unit of government) and that these tax rolls are public records regardless of their physical form or characteristics, i.e., whether they exist as hard copy or on magnetic computer tape. Seigle v. Barry, 422 So.2d 63 (4 D.C.A.Fla., 1982), pet. for rev. den., 431 So.2d 988 (Fla. 1983); AGO 85-3, concluding that information stored in a computer is as much a public record as the written page in a book or tabulation on a file stored in a filing cabinet.
Therefore, resolution of your question is dependent upon the existence of an exemption from the public inspection and copying requirements of Ch. 119, F.S., for tangible personal property assessment rolls. Section 119.07(3)(a), F.S., states that all public records presently provided by law to be confidential or which are prohibited by general or special law from being inspected by the public are exempt from the inspection and copying requirements of s. 119.07(1), F.S. And see, Wait v. Florida Power Light Company, 372 So.2d 420, 425 (Fla. 1979), (the Public Records Law "exempts from public disclosure only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law" and does not exempt those documents which are confidential or privileged only as a result of common law or judicially created privilege.) Cf., s. 119.07(3)(r), F.S., which exempts from public inspection and copying under the act, data processing software which is "sensitive" as defined in s. 119.07(3)(r)2., F.S., or is a "trade secret" as defined in s. 812.081, F.S.
I am not aware of any statutory provision expressly exempting or excepting tangible personal property tax assessment rolls (regardless of the physical form of such documents) from inspection and copying pursuant to the Public Records Law, nor have you drawn my attention to such a provision. Cf., s.213.053(2), F.S., making "all information contained in returns, reports, accounts, or declarations received by the department, including investigative reports and information, . . . confidential . . ." and providing that the provisions of this section apply to specific types of taxes including, inter alia, Ch. 199, F.S., intangible personal property taxes; s. 193.074, F.S., making all returns of property submitted by the taxpayer confidential except upon court order or an order of an administrative body having quasi-judicial powers in ad valorem tax matters; and s.195.027(3), F.S., providing that financial records produced by a taxpayer relating to nonhomestead property, which records are required to make a determination of the proper assessment of such property, are confidential in the hands of the property appraiser, the department, the tax collector, and the Auditor General and shall not be divulged except upon court order or upon order of an administrative body having quasi-judicial powers in ad valorem tax matters. Section 119.07(3)(b), F.S., which specifically recognizes the exemption contained in s. 199.222, F.S., making all annual personal property tax returns filed with the Department of Revenue confidential as provided in s. 213.053, would appear to be inapplicable to tangible personal tax returns. Tangible personal property returns are not filed with the Department of Revenue but are filed locally. See, ss. 193.052 and 193.073, F.S. Compare, s. 199.052, F.S., requiring intangible personal property tax returns to be filed with the department.
Further, this office has, over the course of a number of years, recognized the public nature of assessment rolls. See, Op.Atty.Gen., May 25, 1937, Biennial Report of the Attorney General, 1937-1938, p. 100 (the tax roll in the hands of the tax collector is a public record and [under what is now Ch. 119, F.S.] may be inspected by any citizen under reasonable conditions); AGO 61-102 ("a tax assessment roll serves the dual purpose of disseminating information . . . to the public, and as a permanent memorial or record of the property assessed, its value for tax purposes, and the amount of the taxes imposed. The tax roll is clearly a public record"); and AGO 72-323 ("the assessment roll required by ss. 193.085[1] and 193.114[1][a], F.S., is a public record").
Therefore, in the absence of any express statutory exemption or exception from the provisions of Ch. 119, F.S., and in light of previous opinions of this office and the general public policy in this state favoring public access to governmental records, it is my opinion that tangible personal property tax assessment rolls contained on magnetic computer tapes are subject to public inspection and copying pursuant to the Public Records Law, Ch.119, F.S.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General