Dr. Leonard Britton Superintendent of Schools Dade County Public Schools 1450 Northeast Second Avenue Miami, Florida 33132
Dear Dr. Britton:
You have asked the following questions:
 (1) MAY THE SCHOOL SYSTEM INVESTIGATE ALLEGATIONS CONTAINED IN ANONYMOUS LETTERS REGARDING SCHOOL SYSTEM PERSONNEL?
 (2) MAY THE SCHOOL SYSTEM DESTROY ANONYMOUS LETTERS AND MATERIALS WITHOUT FIRST OBTAINING PERMISSION FROM THE DIVISION OF LIBRARY AND INFORMATION SERVICES?
QUESTION ONE
You state that your office regularly receives anonymous letters regarding school personnel which, on occasion, you feel merit further investigation. However, in light of s. 231.291(1)(b), F.S., you inquire whether the school may investigate the allegations contained in such letters. See, s. 231.291(1)(b), F.S., which prohibits the placing of anonymous letters and material in an employee's personnel file.
Section 230.03(2), F.S., provides that district school boards may exercise any power except as expressly prohibited by the State Constitution or general law. This office has stated that s. 230.03(2) confers upon school boards certain "home-rule powers." See, e.g. AGO's 86-45, and 83-72 (where a statute or rule of the State Board of Education does not distinctly specify the required manner in which a school board may properly exercise a power, the school board may use its reasonable discretion to determine the manner in which the power will be exercised). And see, s. 231.001, F.S., providing that except as otherwise provided by law or the State Constitution, district school boards are authorized to prescribe rules governing personnel matters.
Section 230.23(5), F.S., states that school boards shall "provide for the appointment, compensation, promotion, suspension, and dismissal of employees . . . subject to the requirements of chapter 231." The superintendent, as the secretary and executive officer of the school board is responsible "for the administration and management of the schools and for the supervision of instruction in the district. . . ." Section 230.03(3), F.S.
In addition, the superintendent is required to report to the Department of Education the name of any person who he has reason to believe "has committed or is found to have committed any act which would be a ground for revocation or suspension under subsection (1)." Section 231.28(5)(b), F.S. Section 231.28(1) provides that a teacher's certificate may be suspended or revoked if the teacher has:
(a) Obtained the teaching certificate by fraudulent means;
 (b) Has proved to be incompetent to teach or to perform duties as an employee of the public school system or to teach in or to operate a private school;
 (c) Has been guilty of gross immorality or an act involving moral turpitude;
(d) Has had a teaching certificate revoked in another state;
 (e) Has been convicted of a misdemeanor, felony, or any other criminal charge, other than a minor traffic violation;
 (f) Upon investigation, has been found guilty of personal conduct which seriously reduces that person's effectiveness as an employee of the school board;
(g) Has breached a contract, as provided in s. 231.36(2); or
 (h) Has otherwise violated the provisions of law or rules of the State Board of Education, the penalty for which is the revocation of the teaching certificate.
Instructional staff, other than those under continuing contract, may be suspended or dismissed at any time during the term of the contract provided the charges against him are based on just cause. Section 231.36(6)(a), F.S. (1986 Supp.) "Just cause" includes, but is not limited to, misconduct in office, incompetency, gross insubordination, willful neglect of duty, or conviction of a crime involving moral turpitude. Section 231.36(1)(a), F.S. (1986 Supp.). Employees under continuing contract may be suspended or dismissed at any time during the school year. Section 231.36(4)(c). However, the charges against such employees must be based on immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of a crime involving moral turpitude.
In my review of Chs. 230 and 231, and the rules adopted thereunder, I have not found any provision prohibiting the school board from investigating allegations, anonymous or otherwise, regarding school personnel. While s. 231.291(1)(b), F.S., prohibits placing anonymous materials in an employee's personnel file, it does not, in my opinion, limit the district school board's authority to determine if the claims are true. The school board's control over school personnel is evidenced by its authority to provide for the appointment, compensation, promotion, dismissal and suspension of employees and revocation of certification. Moreover, s. 231.28(5)(b), F.S., obligates superintendents to report to the Department of Education any person believed to have committed an act which would be grounds for revocation or suspension.
I am, therefore, of the opinion that the school board has the authority to investigate allegations concerning school personnel contained in anonymous letters to determine whether school personnel may have committed an act which would require disciplinary action.
QUESTION TWO
Section 119.011(1), F.S., defines "public record" to include "all documents, papers, letters, . . . regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." (e.s.) See also, s. 267.021(2), F.S. (1986 Supp.). A district school board clearly is an "agency" as that term is defined by s. 119.011(2), F.S.
Based upon the definition of public records in s. 119.011(1), it is clear that letters received in your office in connection with your official business are public records. See, AGO's 77-141 (copies of letters or other documents received by a mayor of a municipality in his official capacity are public records); 73-336 (written complaints to H.R.S., Division of Health, officials or investigators are public records).
Section 119.07(1)(a), F.S. (1986 Supp.), provides that "[e]very person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee." Only those records that are provided by statutory law to be confidential or which are expressly exempted by general or special law are exempt from disclosure under Ch. 119. Wait v. Florida Power Light Co., 372 So.2d 420, 425 (Fla. 1979).
As a result, all public records are subject to inspection and examination as required by s. 119.07(1) unless a specific statutory provision exempts the records from public disclosure. Should the custodian of a public record contend that all or part of the record is exempt from inspection, he must state the basis for exemption, including the statutory citation to an exemption created or afforded by statute. Section 119.07(2)(a), F.S. (1986 Supp.).
I am not aware of any statutory provisions exempting from disclosure letters received in connection with the official business of the district school. Nor has such a provision been brought to my attention. You state that you perceive a conflict between the provisions of s. 231.291(1)(b), F.S., and Ch. 119. See, s. 231.291(1)(b) providing that no anonymous letter or anonymous materials are to be placed in the personnel file of a public school system employee. And see, 231.291(4), F.S., defining "personnel file" as "all records, information, data, or materials maintained by a public school system, in any form or retrieval system whatsoever, with respect to any of its employees, which is uniquely applicable to that employee, whether maintained in one or more locations." (e.s.)
The prohibition of s. 231.291(1)(b) specifically excludes anonymous materials from the personnel files of public school system employees. It does not state anonymous materials are not public records, nor does it make them confidential. There is no specific direction how to dispose of anonymous materials received in connection with official business of the school district other than the statement that such materials may not be placed in the employee's personnel file. Florida courts, however, have held that the Public Records Law is to be liberally construed in favor of open government, that exemptions are to be construed narrowly and limited to their stated purposes, and that any doubt as to the exemption should be resolved in favor of disclosure, rather than secrecy. See, Bludworth v. Palm Beach Newspapers, Inc.,476 So.2d 775 (4 D.C.A. Fla., 1985), rev. denied, 488 So.2d 67 (Fla. 1986).
I am unable to interpret s. 231.291(4), F.S., as creating an exemption from the requirements of Ch. 119. Similarly, I cannot conclude that s. 231.291(1)(b), excluding anonymous materials from personnel files, operates to circumvent the statutory provisions regarding custodial responsibilities of public records. See, s.257.37, F.S. (1986 Supp.), which requires approval of the Division of Library and Information Services of the Department of State for disposition of public records. See also, s. 257.36(5)-(7), F.S. (1986 Supp.).
It is, therefore, my opinion that s. 231.291(1)(b), F.S., prohibiting the placement of anonymous materials in the personnel file of a school district employee, does not authorize the destruction of anonymous materials received in connection with the school district's official business, absent approval from the Division of Library and Information Services of the Department of State.
SUMMARY
 (1) Until legislatively or judicially determined otherwise, district school boards may investigate allegations contained in anonymous letters to determine whether school personnel may have committed an act which requires disciplinary action.
 (2) The prohibition against placing anonymous materials in the personnel file of a school district employee does not allow the destruction of anonymous materials received in the course of official school business, absent approval from the Division of Library and Information Services of the Department of State.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Lagran Saunders Assistant Attorney General