Mr. Wil Trower President/CEO North Broward Hospital District 303 Southeast 17th Street Fort Lauderdale, Florida 33316
Dear Mr. Trower:
You have asked for my opinion on substantially the following question:
Are documents submitted to the statewide provider and managed care organization claim dispute resolution program operating under section 408.7057, Florida Statutes, subject to the Public Records Law?
In sum:
Documents submitted to the statewide provider and managed care organization claim dispute resolution program pursuant to section408.7057, Florida Statutes, are public records subject to inspection and copying under Chapter 119, Florida Statutes.
Florida's Public Records Law, Chapter 119, Florida Statutes, provides that it is the policy of this state that "all state, county, and municipal records shall be open for personal inspection by any person."[1] This policy was made a part of the Florida Constitution with the adoption in 1992 of Article I, section 24(a), stating:
"Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution."
The Legislature, however, may provide by general law for the exemption of records from these requirements and enact laws governing the enforcement of the constitutional provision, including statutes regulating the maintenance, control, destruction, disposal, and disposition of public records.[2]
Thus, pursuant to section 119.07(1)(a), Florida Statutes, "[e]very person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian's designee." Only those records that are provided by law to be confidential or that are prohibited from being inspected by the public are exempt from disclosure.[3]
In fact, specific provisions of the Florida Constitution require that the Legislature provide certain evidence of the necessity for any exemption to the Public Records Law. Article I, section 24(c), Florida Constitution, provides:
"This section shall be self-executing. The legislature, however, may provide by general law for the exemption of records from the requirements of subsection (a) . . . provided that such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law. . . . Laws enacted pursuant to this subsection shall contain only exemptions from the requirements of subsection[s] (a) . . . and provisions governing the enforcement of this section, and shall relate to one subject."
Thus, the Legislature must clearly demonstrate the public necessity for any exemption to the Public Records Law and may only provide for such an exemption in a bill containing no other subject.[4]
Section 408.7057, Florida Statutes, was adopted and took effect on October 1, 2000.[5] Pursuant to the provisions of the act, the Agency for Health Care Administration (AHCA) is required to establish a program to provide assistance to "contracted and noncontracted providers and managed care organizations" for resolution of claim disputes that have not been resolved by the provider and the managed care organization.[6]
For purposes of the statute, a "[d]isputed claim" is "a claim that has been submitted by a provider to the managed care organization or by a managed care organization to a provider for payment and has been denied in full or in part, or is presumed to have been underpaid or overpaid."[7] A "[m]anaged care organization" is defined to mean "a health maintenance organization or a prepaid health clinic certified under chapter 641, a prepaid health plan authorized under s. 409.912, or an exclusive provider organization certified under s. 627.6472."[8] The meaning of "contracted and noncontracted providers" is not set forth in section 408.7057, Florida Statutes, but the term "[p]rovider" is defined in Rule59A-12.030(1)(d), Florida Administrative Code, adopted by AHCA:
"Provider" as defined in Chapter 641.19(15), Florida Statutes, means any physician, hospital, or institution, organization, or persons that furnishes health care services and is licensed or otherwise authorized to practice in the state.
Thus, section 408.7057, Florida Statutes, applies to disputes between entities such as health maintenance organizations and doctors for the payment of claims. The statute applies "to claims for services rendered after [October 1, 2000] and to all requests for claim-dispute resolution which are submitted by a provider or managed care organization 60 days after the effective date of the contract between the resolution organization and the agency."[9]
This office has been advised that this program has never been utilized for the resolution of any dispute.
The statute requires that AHCA contract with a resolution organization to timely review and consider claim disputes submitted by the parties and recommend to the agency an appropriate resolution of these disputes. A "[r]esolution organization" is "a qualified independent third-party claim-dispute-resolution entity selected by and contracted with the Agency for Health Care Administration."[10]
The Agency for Health Care Administration, is charged with adopting rules to establish a process to be used by the resolution organization in considering claim disputes submitted to it under the statute.[11] The statute requires that the resolution organization issue a written recommendation, supported by findings of fact, to AHCA within 60 days after receiving the claim dispute submission.[12] Further, section 408.7057(4), Florida Statutes, states that "[w]ithin 30 days after receipt of the recommendation of the resolution organization, the agency shall adopt the recommendation as a final order." Finally, the agency is charged by administrative rule with "enforc[ing] the final order as authorized under subsection 641.52(1)(e), Florida Statutes."[13]
Thus, AHCA selects and contracts with an independent entity to perform these functions on its behalf and subject to the Legislature's direction.
In determining the applicability of the Public Records Law to a private organization, the courts and this office have generally reviewed the relationship between the private entity and the public agency. The most recent decisions by the courts in considering the applicability of the open government laws to private entities have focused on whether the private entity is merely providing services to the public agency or is standing in the shoes of the public agency. For example, in MemorialHospital-West Volusia, Inc. v. News-Journal Corporation,[14] the Supreme Court of Florida reaffirmed that a private organization, performing and carrying out the obligations of a public agency under a lease agreement, was subject to open meetings requirements of both the Florida Constitution and the Government in the Sunshine Law.[15] That case involved a hospital authority that had delegated the performance of its public function to a private organization. The Florida Supreme Court noted that when the function is transferred, public access follows.
The Legislature has determined the need for a statewide provider and managed care organization claim dispute resolution program. The consideration and resolution of these claims by an independent third party entity clearly constitutes a public function. It is my opinion that a resolution organization selected by the Agency for Health Care Administration, acting on its behalf and that of the citizens of the state in resolving these disputes, and subject to regulation and control by the Legislature and by AHCA, is a private entity acting "on behalf of" a public agency for purposes of Chapter 119, Florida Statutes.
Thus, it is my opinion that records submitted to the resolution organization pursuant to section 408.7057, Florida Statutes, are public records subject to inspection and copying pursuant to the Public Records Law. However, this conclusion does not affect the responsibility of the dispute resolution organization to redact the names of medical patients or other information identifying a patient from documents prior to their production for review under the Public Records Law.[16]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 119.01(1), Fla. Stat.
[2] Article I, s. 24(c), Fla. Const. 
[3] See, e.g., Wait v. Florida Power and Light Company,372 So.2d 420 (Fla. 1979); Op. Att'y Gen. Fla. 98-17 (1998).
[4] I note that a review of the legislative history for the bill creating the Statewide Provider and Managed Care Organization Claim Dispute Resolution Program discussed herein states that "[t]he provisions of this bill have no impact on public records or open meetings issues under the requirements of Article I, Subsections 24(a) and (b) of the Florida Constitution." See, Senate Staff Analysis and Economic Impact Statement on CS/CS/CS/SB 1508 and CS/SBs 706 and 2234, dated April 26, 2000, Florida Senate.
[5] See, s. 15, Ch. 2000-252, Laws of Fla.
[6] Section 408.7057(2)(a), Fla. Stat.
[7] Rule 59A-12.030(1)(a), F.A.C.
[8] Section 408.7057(1)(a), Fla. Stat.
[9] Ibid.
[10] Section 408.7057(1)(b), Fla. Stat.
[11] Section 408.7057(3) and (6), Fla. Stat.
[12] Ibid.
[13] Rule 59A-12.030(4)(e), F.A.C.
[14] 729 So.2d 373 (Fla. 1999).
[15] See, Art. I, s. 24(b), Fla. Const., establishing a constitutional right of access to public board or commission meetings.
[16] See, e.g., Op. Att'y Gen. Fla. 99-43 (1999), concluding that presuit notice in a medical malpractice case is a public record but that information which might identify a medical patient must be redacted from these documents prior to their production under the Public Records Law.