Mr. Roland Q. Roberts Chairman, Board of County Commissioners Lee County
QUESTIONS:
1. Are files of the Citizen's Dispute Settlement Program of Lee County considered confidential?
2. If the answer to the above question is negative, then in the alternative, are citizen's dispute settlement files which contain juvenile and matrimonial data considered confidential?
3. If the answer to the above question is in the affirmative, may the citizen's dispute settlement files pertaining to juvenile and matrimonial data be segregated into separate files and maintained under two separate headings, the first to include those general files which would be open to the public (not including either matrimonial and/or juvenile data); and, the second so contain those files which pertain to both matrimonial and juvenile matters, which would not be available for general inspection?
SUMMARY:
Until legislatively or judicially determined otherwise, records of the Lee County Citizen's Dispute Settlement Program, a unit of the county Department of Community Relations, including those dealing with matrimonial and juvenile disputes, are subject to ch. 119, the Public Records Law.
Since your questions are interrelated, they will be discussed together.
The Citizen's Dispute Settlement Program of Lee County (hereinafter `CDS program') was begun as a pilot program in 1979 under the joint auspices of the Board of County Commissioners of Lee County and the Administrative Office of the courts. Subsequently, the program was by resolution of the county commission, placed in, and became a `permanent program within the Department of Community Relations,' according to the minutes of the Lee County Board of County Commissioners meeting of February 27, 1980. Accordingly, it would appear that the CDS program, as a unit or subdivision of the Department of Community Relations, is an `agency' as that term is defined by s. 119.011(2), F.S. Therefore, the program, as well as the department, is a part of and constitutes an agency of the county within the purview of ch. 119 F.S., and is treated as such in this opinion.
Supplementary information furnished by your county attorney indicates that this program uses an informal conflict resolution procedure by which parties involved in a dispute attempt to reach a mutually satisfactory settlement. This program gives the disputing parties an opportunity to settle their differences before a formal complaint or suit is filed in court. This program is staffed by a team of citizen-volunteer mediators. Your inquiry additionally notes that such mediators are not reimbursed for their time and effort in the program.
You state that recently a member of the news media sought to review all CDS cases, pending and closed, on file in the department. Included among the records sought were names and addresses of disputants and details of individual cases. The Public Records Law, ch. 119 F.S., was cited as authority for the right to review these records. You urge our office to find that such records not be construed as public records, since confidentiality serves to promote the free and open communication essential to a successful mediation of disputes.
Florida's Public Records Law, ch. 119, F.S., requires that all `public records' made or received pursuant to law or ordinance or in connection with the transaction of official business by any `agency' must be open for inspection by any person. Sections119.01; 119.011(1), (2); 119.07(1)(a), F.S. The term `public records' is defined by s. 119.01(1) as:
 [A]ll documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
The Florida Supreme Court construed the term `public records' in Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.,379 So.2d 633, 640 (Fla. 1980), holding that for purposes of ch. 119, a `public record' is:
 any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type . . . . Inter-office memoranda and intra-office memoranda communicating information from one public employee to another or merely prepared for filing, even though not a part of an agency's later formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction of official business.
In regard to any exemption of such records from the requirements of ch. 119, the Florida Supreme Court held in Wait v. Florida Power and Light Co., 372 So.2d 420 at 424 (Fla. 1979), that `only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law' (emphasis supplied) are exempt from public disclosure. Thus, all records of the CDS program must be available for inspection by any person unless the Legislature has enacted an exemption for such records.
Your letter, and supplemental information supplied to us by your county attorney urges that we conclude that the sensitive material contained in CDS files, in particular that relating to matrimonial disputes and juvenile matters, is exempted from the requirements of the Public Records Law.
In particular, you cite s. 39.333 (relating to procedure for initiating juvenile arbitration); s. 39.334 (relating to juvenile arbitration hearings and providing in subsection (4) thereof that certain statements and admissions made by the juvenile during arbitration are privileged and inadmissible in subsequent juvenile proceedings or civil or criminal actions); s. 39.12(3) (providing that juvenile court records in juvenile proceedings before thecourt `shall not be open to inspection by the public'); s. 90.504
(providing that husband-wife communications are in certain instances privileged in proceedings subject to ch. 90, the Evidence Code), and s. 90.408 (providing that evidence of an offer to compromise, or statements) made in negotiations concerning a compromise are inadmissible for certain purposes in proceedings subject to ch. 90), as statutory provisions which may exempt certain records in CDS program files from ch. 119.
However, I have examined these statutes and in light of Wait,supra, must conclude that the foregoing statutory provisions do not impart confidentiality to or exempt the records kept by the CDS program from inspection under ch. 119, F.S. Moreover, my research has not revealed any other provisions of general law, nor has any special law been drawn to my attention, which might exempt such records from the requirements of ch. 119.
I must also conclude that the recent approval by the voters of Florida of s. 23, Art. I, creating a right of privacy does not affect the status of these records under the Public Records Law, since that amendment expressly provides that `[t]his section shall not be construed to limit the public's right of access to public records and meetings as provided by law.' Cf. Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980). See also AGO 080-92.
Prepared by: Anne Curtis Terry, Assistant Attorney General