Ms. Donna Reynolds Chairperson District V, Human Rights Advocacy Committee c/o Morton Plant Hospital 323 Jeffords Street Clearwater, Florida 33516
Dear Ms. Reynolds:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 IS A REPORT BY A HUMAN RIGHTS ADVOCACY COMMITTEE MADE PURSUANT TO s. 20.19(8)(g)2., F.S., AS AMENDED BY s. 1, CH. 86-66 AND RENUMBERED BY s. 1, CH. 86-220, LAWS OF FLORIDA, REGARDING AN INDIVIDUAL CLIENT OF THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES SUBJECT TO DISCLOSURE PURSUANT TO THE PUBLIC RECORDS LAW?
Your letter states that the District V Human Rights Advocacy Committee has received a request for a copy of a committee report from a representative of the local news media. The report concerned the suspicious death of a child which occurred in another state. Prior to moving from Florida, the child had been involved in the intake and pre-protective services programs with the Department of Health and Rehabilitative Services (HRS) and it was this relationship which was the subject of your investigation. A human rights advocacy committee member, assigned to this matter, completed an investigation as to whether HRS had acted appropriately in its dealings with the family and filed a written report with the committee. The person who initially requested the investigation seeks to obtain a copy of this report; the requesting party is not related to the client's family.
Pursuant to s. 20.19(8)(a), F.S., as renumbered by s. 1, Ch. 86-220, Laws of Florida, a district human rights advocacy committee is to be created within each service district of the Department of Health and Rehabilitative Services, not to exceed three in any district, except that District II may have four committees. See, s. 20.19(5), F.S., as renumbered by s. 1, Ch. 86-220, Laws of Florida, for a list of the service districts of the department. The number and areas of responsibility of the committees are to be determined by a majority vote of the district committee members. Section 20.19(8)(a), supra.
The duties of each district human rights advocacy committee are set forth in s. 20.19(8)(g), as amended by s. 1, Ch. 86-66 and renumbered by s. 1, Ch. 86-220, Laws of Florida, and include "[r]eceiving, investigating, and resolving reports of abuse or deprivation of constitutional and human rights." Section20.19(8)(g)2., supra. To facilitate such an investigation, the committee is authorized to have access to all Department of Health and Rehabilitative Services client files, reports and records and those from all other agencies and departments of government, with the exception of records of matters under investigation by law enforcement or judicial authorities. With regard to the investigation of a specific complaint of the abuse or deprivation of constitutional or human rights of a client of the department, the committee "shall have access to all client records, files, and reports in any program, service, or facility that is operated, funded, licensed, or regulated by the department. . . ." Section20.19(8)(g)2., supra. By majority vote the committee may request in writing and shall be granted access to all information relevant to the investigation. However, the statute specifically provides that "[a]ll information obtained or copies of records received by the committee shall be considered and held confidential." Section20.19(8)(g)2., supra. Further, this subsection provides, in pertinent part, that:
 Upon completion of a general investigation of practices and procedures of the department, the committee may make a report of its findings to the department. Notwithstanding the provisions of s. 119.14, all information obtained through an examination of such reports otherwise made confidential by law or relating to the identity of any client of the department or individual providing information to the committee about abuse or alleged violations of constitutional or human rights shall be exempt from the provisions of chapter 119 and shall remain confidential. Notwithstanding the provisions of s. 119.14 or s. 286.0111, all matters before a district human rights advocacy committee relating to the identity of an individual client or group of clients of the department subject to the protections of this section, or the identity of any individual providing information to the committee about abuse or alleged violation of constitutional or human rights, or testimony relating to records otherwise made confidential by law shall be exempt from the provisions of s. 286.011, the open meetings law, and s. 119.07(1), the open records law. All records prepared by members of the committee which reflect a mental impression, investigative strategy, or theory are exempt from s. 119.07(1) until completion of the investigation. These exemptions are subject to the Open Government Sunset Review Act in accordance with s. 119.14. All other matters before the committee shall be open to the public and subject to chapter 119. (e.s.)
Knowing and willful disclosure of any such confidential information is made a misdemeanor of the second degree punishable as provided in ss. 775.082, 775.083 or 775.084, F.S.
The emphasized portion of s. 20.19(8)(g)2., supra, clearly exempts "[a]ll matters . . . relating to the identity of an individual client or group of clients of the department" from public disclosure. The factual situation you have described would appear to fall within the statutorily established exemption. This section does not limit or restrict the confidentiality of such records to current clients of the department nor is specific provision made for the release of such information upon the conclusion of the committee's investigation or at such time as the investigation is no longer being actively pursued. Compare, the emphasized portion of s. 20.19(8)(g)2., supra, with the limited confidentiality provided subsequently in this section to "records prepared by members of the committee which reflect a mental impression, investigative strategy, or theory" and which are only exempt from disclosure until the completion of the investigation; s.112.533(2)(a), F.S., providing that a complaint filed against a law enforcement officer and the information obtained pursuant to the investigation of such a complaint "shall be confidential until the conclusion of the internal investigation or at such time that the investigation ceases to be active. . . ."; s. 119.07(3)(d), F.S., exempting "active" criminal intelligence information and "active" criminal investigative information ("active" being defined for purposes of the act at s. 119.011[3][d] from public inspection; and s. 231.262(4), F.S., making confidential the complaint and all information obtained by the Department of Education pursuant to an investigation of a teacher or administrator until the conclusion of the preliminary investigation of the complaint or until the preliminary investigation is no longer active.
Accordingly, in the absence of expressed legislative intent to the contrary, I cannot state that the exemption from disclosure is so limited; rather, I am of the opinion that the exemption contained in s. 20.19(8)(g)2., supra, is not restricted to active or ongoing investigations of the committee.
Section 119.07(3)(a), F.S., provides that all public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the mandatory inspection and copying provisions of s. 119.07(1), F.S. In Wait v. Florida Power Light Company, 372 So.2d 420, 424 (Fla. 1979), the Florida Supreme Court construed s. 119.07(3)(a) [then s. 119.07(2)(a)] as exempting only "those public records made confidential by statutory law" and not those documents which are confidential or privileged only as a result of judicial decisions or declarations of public policy. (e.s.) Thus, every public record (as defined in s. 119.011[1], F.S.) is subject to the examination and inspection requirements of s. 119.071(1), F.S., unless a specific statutory provision can be pointed to which exempts those records from disclosure. See also, Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980); Forsberg v. The Housing Authority of the City of Miami Beach, 455 So.2d 373
(Fla. 1984).
The exemption or exception contained in s. 20.19(8)(g)2., F.S., as renumbered by s. 1, Ch. 86-220, Laws of Florida, to the effect that matters before a district human rights advocacy committee regarding the abuse or deprivation of rights of the clients of the Department of Health and Rehabilitative Services are to be conducted outside the public eye and that such matters are also exempt from the provisions of s. 119.07(1), F.S., is a statutory requirement of confidentiality and this office cannot advise you to disregard such a requirement of confidentiality.
In sum, it is my opinion until legislatively or judicially determined otherwise, that a report of a human rights advocacy committee regarding an individual client of the Department of Health and Rehabilitative Services pursuant to s. 20.19(8)(g)2., F.S., as amended by s. 1, Ch. 86-66 and renumbered by s. 1, Ch. 86-226, Laws of Florida, is confidential and not subject to disclosure pursuant to s. 119.07(1), F.S.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General