Mr. Larry Gonzalez, Secretary Department of Professional Regulation 1940 North Monroe Street Northwood Centre Tallahassee, Florida 32399-0750
Dear Secretary Gonzalez:
You have asked substantially the following question:
May the Department of Professional Regulation release information which by statute is made confidential or is exempted from the requirements of Ch. 119, F.S., upon the request of the Office of the Auditor General for audit purposes?
In sum, I am of the following opinion:
The Department of Professional Regulation is not required to release public records which by statute are made confidential or exempted from the inspection and copying requirements of Ch. 119, F.S., absent statutory authority allowing the Office of the Auditor General access to such records.
You state that the Office of the Auditor General (auditor) and the Department of Professional Regulation (department) have requested this opinion as a result of a disagreement regarding the auditor's access to certain department records in carrying out a performance audit of the regulation of physicians by the department.
Chapter 119, F.S., Florida's Public Records Law, reflects the policy of this state to make all state, county and municipal records open at all times for personal inspection by any person.[1] "Public records" is defined as "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."[2]
The Public Records Law, however, recognizes certain exemptions from its inspection and copying requirements and provides for the confidentiality of other records.[3] As stated in the act, "[a]ll public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt" from the mandatory inspection and copying provisions of s. 119.07, F.S.[4]
Thus, in the absence of a statutory provision exempting a public record from Ch. 119, F.S., or making it confidential, public records must be made available for inspection and copying.[5]
Section 11.45(2), F.S., requires the Auditor General to "make financial audits and performance audits of public records and perform related duties as prescribed by law or concurrent resolution of the Legislature." Specifically,
[t]he Auditor General may at any time make financial audits and performance audits of the accounts and records of all governmental entities created pursuant to law. The audits referred to in this subparagraph shall be made whenever determined by the Auditor General, whenever directed by the Legislative Auditing Committee, or whenever otherwise required by law or concurrent resolution. . . .[6]
It must be noted, however, that "[a]ll officers whose respective offices the Auditor General is authorized to audit shall enter into their public records sufficient information for his proper audit, and shall make the same available to him on his demand."[7]
Furthermore, "[a]ny person who willfully fails or refuses to furnish or produce any book, record, paper, document, data, or sufficient information necessary to a proper audit which the Auditor General is by law authorized to perform shall be guilty of a misdemeanor of the first degree . . . ."[8] Officers who fail or refuse to furnish or produce any book, record, paper, document, data, or sufficient information necessary to a proper audit are subject to removal from office.[9] Thus, the agency head has an obligation to provide sufficient information to enable the auditor to perform a proper audit.
Previously, in AGO's 73-109 and 81-8, this office determined that the authority of the Auditor General to inspect all records of an agency did not extend to allow inspection of records statutorily made confidential or exempt from the disclosure requirements of Ch. 119, F.S.[10] In both cases the Legislature subsequently enacted legislation specifically allowing the Auditor General access to the subject information, but retaining the privileged status of the information while in the auditor's possession.[11]
The instant situation appears similar to those in AGO's 73-109 and 81-8. Thus, the department is not required to release information which by statute is made confidential or is exempted from the disclosure provisions in Ch. 119, F.S. The department or the auditor, however, may wish to seek legislative clarification regarding this matter.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 119.01(1), F.S.
[2] Section 119.011(1), F.S.
[3] See, s. 119.07(3), F.S.
[4] Section 119.07(3)(a), F.S.
[5] See, Wait v. Florida Power Light Company, 372 So.2d 420, 424
(Fla. 1979) (only those public records made confidential by statutory law and not those documents which are confidential or privileged only as a result of judicial decisions or declarations of public policy are exempt from Ch. 119, F.S.).
[6] Section 11.45(3)(a)2., F.S.
[7] Section 11.47(1), F.S.
[8] Section 11.47(3), F.S.
[9] Section 11.47(4), F.S.
[10] See, AGO 73-109 (Auditor General's authority under s. 11.50, F.S., to inspect "all records" and "records, financial or otherwise" in the investigation of public assistance fraud did not extend to allow inspection of intangible tax returns made confidential by the provisions in s. 199.222, F.S. [1973], making it unlawful to divulge any particulars of any report or return required by the Department of Revenue) and AGO 81-8 (Auditor General's authority to perform audits under s. 11.45, F.S., does not allow access to information exempted from the disclosure requirements of Ch. 119, F.S.; specific statutory exemption would control over the general responsibility of agency head to provide sufficient information to the auditor for the performance of a proper audit under s. 11.47, F.S.).
[11] See, s. 213.053(6), F.S., requiring the Department of Revenue to make any information in connection with the administration of taxes available to the Auditor General, in the performance of his official duties, but subjecting the Auditor General to the same penalties for violation of the requirements, and s. 228.093(3)(d)(9., F.S., allowing the Auditor General access to student information, but retaining the information's protected status when in the auditor's possession.