The Honorable Everett S. Rice Pinellas County Sheriff's Office Post Office Drawer 2500 Largo, Florida 34649-2500
Dear Sheriff Rice:
You ask substantially the following question:
Does section 119.07(3)(k)1., Florida Statutes, exempt booking photographs of law enforcement and correctional officers who are in the custody of their employing agency from the disclosure requirements of section 119.07(1), Florida Statutes?
In sum:
Section 119.07(3)(k)1., Florida Statutes, does not exempt from disclosure booking photographs of law enforcement and correctional officers who are in the custody of their employing agency and who are not undercover personnel whose identity would otherwise be protected by section 119.07(3)(g), Florida Statutes.
You state that a Pinellas County Sheriff's detention deputy was arrested for lewd and lascivious conduct with a minor child. Subsequent to his arrest by the sheriff's office, the deputy was booked into the county jail at which he is employed. The deputy was photographed and fingerprinted. Local news media requested a copy of the deputy's booking photograph for publication. You do not indicate that the deputy is an undercover personnel.
Section 119.07(1), Florida Statutes, requires that all "public records" be open for inspection and copying. The term "public records" is defined to include
all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.[1] (e.s.)
All such materials are open for public inspection unless the Legislature has specifically exempted them from disclosure.[2] As the statutory definition states, photographs can constitute public records. However, section 119.07(3)(k)1., Florida Statutes, in pertinent part provides:
The home addresses, telephone numbers, social security numbers, and photographs of active or former law enforcement personnel, including correctional and correctional probation officers, and personnel of the Department of Health and Rehabilitative Services whose duties include the investigation of abuse, neglect, exploitation, fraud, theft, or other criminal activities . . . are exempt from the provisions of subsection (1). (e.s.)
While the terms of the statute exempt photographs of law enforcement personnel from public disclosure required by section119.07(1), Florida Statutes, the context in which such photographs are exempted relates to the law enforcement personnel's employment with an agency.[3] Thus, a booking photograph, while taken by the employing agency, is in the custody of the agency for purposes other than those related to employment of the law enforcement personnel and, therefore, would not be exempt from disclosure pursuant to section 119.07(3)(k)1, Florida Statutes (1993).
Section 119.07(3)(g), Florida Statutes, however, exempts from disclosure "any information revealing undercover personnel of any criminal justice agency." (e.s.) There is no indication that this exemption is limited to information related to a law enforcement personnel's employment with a law enforcement agency. Thus, the booking photograph of an undercover officer would be exempt from disclosure pursuant to section 119.07(3)(g), Florida Statutes.
In Attorney General Opinion 90-50, this office identified the purpose of section 119.07(3)(k), Florida Statutes, as protecting the safety of law enforcement officers and their families by removing certain information relating to such individuals from the mandatory disclosure requirements of Chapter 119, Florida Statutes. In that opinion, the question was posed whether a city could post the names, identification numbers and photographs of its police officers in the hallway of the department for public display. While noting that section 119.07(3)(k), Florida Statutes, does not prohibit the posting of such materials, this office concluded that absent a strong public policy for disclosure, such a display would appear to be counter to the purpose of the exemption.
This office has consistently stated that crime and arrest reports are public records that are generally open to inspection.[4]
While active criminal intelligence information and criminal investigative information are exempt from public disclosure, the name, sex, age, and address of a person arrested do not constitute such exempt information.[5] Thus, an arrest report, including the booking photograph, prepared by a law enforcement agency is subject to disclosure.
In the instant situation, the deputy has been charged with lewd and lascivious acts with a child and booked into the county jail. There is nothing to indicate that the deputy's acts are in any way connected to his duties as a deputy sheriff. Nor does it appear that the purpose for the exemption, to ensure the personal safety of the deputy, is applicable under these circumstances. I would note that under similar circumstances, a municipal police officer arrested by the county sheriff and booked in the county jail would be unable to present the same argument, since the county would not be the police officer's employing agency. It serves no rational purpose to afford a deputy sheriff the protection of section119.07(3)(k), Florida Statutes, when the same protection would not be extended to any other law enforcement personnel not employed by the county.
Thus, it is my opinion that section 119.07(3)(k)1., Florida Statutes, does not exempt from disclosure booking photographs of law enforcement and correctional officers who are in the custody of their employing agency and who are not undercover personnel whose identity is exempt from disclosure pursuant to section119.07(3)(g), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 119.011(1), Fla. Stat. (1993).
[2] See, Wait v. Florida Power Light Company, 372 So.2d 420
(Fla. 1979).
[3] Cf., section 119.07(3)(k)2., Fla. Stat., as amended by s. 1, Ch. 94-176, Laws of Florida, providing:
An agency that is the custodian of the personal information specified in subparagraph 1. and that is not the employer of the officer, employee, justice, judge, or other person specified in subparagraph 1. shall maintain the confidentiality of the personal information only if the officer, employee, justice, judge, other person, or employing agency of the designated employee submits a written request for confidentiality to the custodial agency.
[4] See, Ops. Att'y Gen. Fla. 91-74, 80-96, 77-125 and authorities cited therein.
[5] See, section 119.011(3), Fla. Stat. (1993).