Ms. Cynthia Prettyman General Counsel Palm Beach County School Board 3318 Forest Hill Boulevard West Palm Beach, Florida 33406-5813
Dear Ms. Prettyman:
Your office asks substantially the following question:
Are the telephone numbers contained in the school district's records of calls made on district telephones public records when those calls are personal and the employee pays or reimburses the school district for the calls?
In sum:
The telephone numbers contained in the school district's records of calls made on school district telephones are public records even when those calls may be personal and the employee pays or reimburses the school district for the calls.
Florida's Public Records Law, Chapter 119, Florida Statutes, requires that records made or received in connection with the transaction of official business by any public body, officer or employee of the state, county, or municipality shall be open to public inspection and copying, unless there is a legislatively created exemption making such records confidential or exempt from disclosure.[1] Similarly, Article I, section 24, Florida Constitution, creates a constitutional right of access to any public record made or received in connection with the official business of any public body, officer, or employee, or persons acting on their behalf.[2]
Section 119.011(1), Florida Statutes, defines "Public records" to include
"all documents, papers, letters . . . or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."
From the information presented to this office, it appears that the school district maintains records containing the telephone numbers of calls made from district telephones. Although the costs of the personal telephone calls are being reimbursed to the district, the calls were made on equipment owned or leased by the school district for use in carrying out the duties and responsibilities of the district. The records of calls made on such equipment are retained by the school district in the course of normal operations of the district.
As such, these records constitute public records and the information contained therein, maintained by the school district and related to the use of district equipment, may not be deleted in the absence of a specific statutory exemption.[3] I am not aware of, nor have you drawn my attention to, any such provision that would generally exempt such information from disclosure.[4]
Accordingly, I am of the opinion that the telephone numbers contained in the school district's records of calls made on school district telephones are public records even when those calls may be personal and the employee pays or reimburses the school district for the calls.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 119.07(1), Fla. Stat.; and see, Wait v. FloridaPower and Light Company, 372 So.2d 420 (Fla. 1979).
[2] See, Art. I, s. 24(a) and (c), Fla. Const., which provide:
"(a) Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution.
* * *
(c) This section shall be self-executing. The legislature, however, may provide by general law for the exemption of records from the requirements of subsection (a) . . . provided that such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law. The legislature shall enact laws governing the enforcement of this section. . . ."
[3] Cf., Crespo v. Florida Entertainment Direct SupportOrganization, No. 94-4674 (Fla. 11th Cir. Ct. April 10, 1995) (telephone bills for calls made by agency official open to public inspection); Gillum v. Times Publishing Company, No. 91-2689-CA (Fla. 6th Cir. Ct. July 10, 1991) (records of all telephone calls made from sheriff's office telephones and extensions ever assigned to or used by named individual subject to disclosure except for the telephone numbers of confidential informants and the home telephone numbers and addresses of law enforcement personnel, their spouses and children).
[4] Cf., s. 119.07(3)(i), Fla. Stat.