Mr. George W. Baldwin Village of North Palm Beach Attorney 330 Federal Highway Lake Park, Florida 33403
Dear Mr. Baldwin:
On behalf of the Village of North Palm Beach, you ask substantially the following question:
Do anonymous letters containing allegation of misconduct by village employees constitute public records that must be maintained by the village?
According to your letter, the village manager and village council have received anonymous letters containing general allegations of misconduct by public service employees and the public works department. You state that the village has decided not to investigate due to the anonymous nature of the letters and lack of specificity and documentation regarding the allegations. You wish to know whether these letters are public records subject to disclosure or whether they may be destroyed.
Section 119.011(1), Florida Statutes, defines "public records" to include
"all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."[1]
The Florida Supreme Court has interpreted this definition to encompass all materials made or received by an agency in connection with official business that are used to communicate, perpetuate or formalize knowledge.[2] Only those records that are provided by statutory law to be confidential or which are expressly exempted by general or special law are exempt from disclosure under Chapter 119, Florida Statutes.[3]
Nothing in section 119.011(1), Florida Statutes, precludes anonymous records from constituting "public records." In fact, in Attorney General Opinion 87-48 this office concluded that anonymous letters containing allegations of misconduct by school personnel were public records. The opinion noted that while section 231.291(1)(b) [now s. 1012.31(1)(b)] specifically excludes anonymous materials from the personnel files of public school system employees, it does not state that such anonymous materials are not public records, nor does it make them confidential. This office, therefore, was unable to conclude that the statutory provision excluding anonymous materials from personnel files operated to circumvent the statutory provisions regarding custodial responsibilities for public records.
Similarly, the letters in the instant inquiry, although anonymous, were sent to the village manager and the village council in their official capacities and relate to official business; moreover, they were intended to communicate information, i.e., allegations of misconduct by village employees. Thus, the letters constitute public records and are therefore subject to disclosure in the absence of a statute exempting or making such information confidential.
Section 119.041(1), Florida Statutes, regulates the destruction of records and provides in part that "[e]very public official shall systematically dispose of records no longer needed, subject to the consent of the records and information management program of the Division of Library and Information Services of the Department of State in accordance with s. 257.36."[4] Section 257.36(6), Florida Statutes, states that a "public record may be destroyed or otherwise disposed of only in accordance with retention schedules established by the division." Thus, the letters in question may only be disposed of in accordance with the retention schedules approved by the division.
Accordingly, I am of the opinion that anonymous letters sent to village officials containing allegations of misconduct by village employees are public records and subject to disclosure. Such records may only be disposed of in accordance with the retention schedules approved by the Division of Library and Information Services of the Florida Department of State.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See s. 119.011(2), Fla. Stat., defining "Agency" to mean "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including, for the purposes of this chapter, the Commission on Ethics, the Public Service Commission, and the Office of Public Counsel, and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[2] See Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.,379 So.2d 633 (Fla. 1980).
[3] Wait v. Florida Power Light Company, 372 So.2d 420, 425
(Fla. 1979).
[4] And see, s. 119.01(4), Fla. Stat., requiring agencies to establish a program for the disposal of records that do not have sufficient legal, fiscal, administrative or archival value pursuant to the retention schedules established by the records and information management program of the Division of Library and Information Services of the Department of State; and s. 119.09. Fla. Stat., providing in part that the division shall establish a time period for the retention or disposal of each series of records.